UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KURT ALLEN OXLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:23-cv-01379-EJY<br><br><br>**ORDER** |

Kurt Allen Oxley ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") finding Plaintiff was not disabled under Title II of the Social Security Act. ECF No. 8. Defendant filed a Cross-Motion to Affirm and Response (ECF Nos. 10, 11). Plaintiff did not file a response to the Cross-Motion or a Reply in Support of his brief seeking judicial review of Defendant's final decision.

**I.     Background**

Plaintiff filed an application for disability benefits on July 14, 2021. Administrative Record ("AR") 239-245. The Social Security Administration denied Plaintiff's application initially and upon reconsideration after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 72-93, 106-107, 134-154. The ALJ held a hearing on March 16, 2023. AR 52-71. On April 3, 2023, the ALJ issued a decision finding Plaintiff was not disabled from his alleged onset date through the date of the decision. AR 21-51. Plaintiff requested review of the ALJ's decision (AR 228-229), which was denied by the Appeals Council on July 11, 2023 (AR 1-6). Plaintiff now seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

**II.     Standard of Review**

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla," which means "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. --, 139 S.Ct. 1148, 1154 (2019)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### III. Establishing Disability Under the Act

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and

2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of

proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

**IV.   Summary of ALJ's Decision**

The ALJ applied the 5-step sequential analysis under 20 C.F.R. § 404.1520 finding Plaintiff met the insured status requirements of the Social Security Act through December 31, 2024. AR 26. At step one of the sequential process, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 20, 2019, his alleged disability onset date. AR 26. The ALJ next found Plaintiff has the following severe impairments: status-post bilateral knee total knee arthroplasty (TKAs),

3

bilateral sensorineural hearing loss, bilateral ankle osteoarthritis, right greater than the left, morbid obesity and degenerative joint disease of the right hip with low back pain (step two). AR 26-32. The ALJ then concluded Plaintiff's impairments did not meet or equal the criteria in the Listing of Impairments found at 20 C.F.R. pt. 404, subpt. P, app. 1 (step three). AR 32-33. In preparation for step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: frequent hearing and listening and to work in an environment with a moderate noise level such as found in an office or retail setting; occasionally climbing stairs and ramps but never climbing ladders, ropes or scaffolds; occasionally balancing, stooping, kneeling and crouching but never crawling; no concentrated exposure to dust, fumes, gases, smoke, poor ventilation, temperature extremes or to vibration; and no exposure to hazards such as heights and dangerous moving machinery. AR 33-44.[1] At step four, the ALJ concluded Plaintiff is capable of performing past relevant work as a Supervisor, Computer Operations (DOT #213.132-010, Light and SVP7), and that this work does not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity (20 CFR 404.1565). AR 44-45. On this basis, the ALJ concluded Plaintiff was not disabled (step five). AR 45.

**V.     Issues Presented**

Plaintiff raised two issues for judicial review. First, Plaintiff argues the ALJ failed to cite clear and convincing reasons for rejecting the symptom testimony. ECF No. 8 at 5-10. Second, Plaintiff contends the ALJ's questioning of the Vocational Expert was unclear and, therefore, the ALJ's conclusions that Plaintiff can perform past relevant work is not supported by substantial evidence. *Id.* at 11-13.

**VI.    Discussion**

    **A.**    <u>The ALJ Did Not Err in Evaluating Plaintiff's Symptom Testimony</u>.

When making a credibility determination regarding a plaintiff's symptom testimony, an ALJ "may not reject …[the plaintiff's] subjective complaints based solely on a lack of objective medical evidence to fully corroborate the claimant's allegations." *Eldridge v. Comm'r of Soc. Sec. Admin.*,

---

[1] The RFC is the most a claimant can still do in a work setting despite impairment related limitations and is based on all the evidence in the record. 20 C.F.R. § 404.1545(a)(1).

4

Case No. CV-22-08007-PCT-GMS, 2023 WL 4347362, at *3 (D. Ariz. July 5, 2023), *citing Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (internal quotation marks and citation omitted).  Nonetheless, "an ALJ may weigh inconsistencies between the … [plaintiff's] testimony and his or her conduct, daily activities, and work record, among other factors" in evaluating a plaintiff's credibility.  *Id.*  Further, "[w]hile a *lack* of objective medical evidence may not be the sole basis for rejection of symptom testimony, inconsistency with the medical evidence or medical opinions can be sufficient" to support a finding that the plaintiff's symptom testimony is not credible.  *Woods v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-01110-SAB, 2022 WL 1524772, at *10 n.4 (E.D. Cal. May 13, 2022).  Ultimately, "if the ALJ's credibility analysis of the … [plaintiff's] testimony shows no malingering, then the ALJ may reject the claimant's testimony about severity of symptoms with specific findings stating clear and convincing reasons for doing so." *Batson*, 359 F.3d at 1196  (citations and internal quotation marks omitted).

Here, Plaintiff contends the ALJ failed to state clear and convincing reasons for rejecting his symptom testimony.  Plaintiff argues the ALJ's failure is found in his lack of reliance on reasons unrelated to the subjective testimony, which is required by Ninth Circuit precedent.  ECF No. 8 at 7 *citing Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) ("to find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (e.g., reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (e.g., daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment)") (internal quote marks and citation omitted).  Plaintiff says the ALJ relied solely on the lack of objective findings supporting Plaintiff's subjective symptom complaints and inconsistencies between Plaintiff's testimony and the record, which Plaintiff states is legally insufficient to demonstrate clear and convincing reasons.  *Id.* at 5-10.

Plaintiff's characterization of the ALJ's findings are in error.  The Court's review of the record shows the ALJ initially states Plaintiff's testimony is unconvincing because "his allegations are not entirely consistent with the medical evidence and the other evidence in the record as a whole, including his own statements and reporting."  AR 34.  Thereafter, the ALJ provided a detailed

summary of the objective medical evidence (AR 34-39) and explained why this evidence was inconsistent with Plaintiff's subjective symptom testimony (AR 39-40). The ALJ therefore provided what is, in and of itself, a sufficient reason to conclude Plaintiff's symptom testimony was not credible. *Woods*, 2022 WL 1524772, at *10 n.4.

The Court's review of the ALJ's findings further demonstrates he analyzed inconsistencies between Plaintiff's testimony at the March 16, 2023 hearing and Plaintiff's prior statements, as well as inconsistencies between Plaintiff's hearing testimony and his daily activities. AR 39-40. This analysis supports the ALJ's clear and convincing reasons to reject Plaintiff's testimony. In sum, and contrary to Plaintiff's argument, the ALJ provided three specific reasons, not related to a lack of objective evidence, upon which the ALJ properly relied for rejecting Plaintiff's subjective symptom testimony. *Eldridge*, 2023 WL 4347362, at *3.

Plaintiff next argues the ALJ takes snapshots of the medical records to support his decision and reject Plaintiff's symptom testimony, an argument that appears to capture the impermissible practice of "cherry-picking" from the record. ECF No. 8 at 8-9; *Gao v. Garland*, 852 Fed.Appx. 234, 235 (9th Cir. 2021).[2] Cherry-picking occurs when an ALJ relies "solely facts favoring an adverse credibility determination while ignoring facts that undermine that result." *Id.* (internal quotations omitted). The Court's review of the record cited by the ALJ, in light of his entire decision, demonstrates a thorough summary and analysis of the entire record, not just certain portions of the record that support his conclusions. AR 34-39. Moreover, the ALJ cites specific evidence providing clear and convincing reasons for his findings. *Id*. That Plaintiff disagrees with the ALJ's rational

---

[2] Plaintiff also argues the ALJ erred because he did not address two questionnaires completed by Dr. Charisma Pinna, MD in violation of SSR 96-8p, which requires that medical opinions be incorporated into the RFC or the ALJ must give an explanation for the omission. ECF No. 8 at 9-10; SSR 96-8p. Plaintiff cites to a Disability Benefits Questionnaire signed by Dr. Pinna related to Plaintiff's VA Disability determination process. AR 547-562. The ALJ stated that he was not giving any weight to these questionnaires because "a statement, rating, observation or remark that the claimant is disabled, unable to work or otherwise limited in some respect that does not state what the claimant can do despite his or her impairments is not a medical opinion, and pertains to an issue that is reserved to the Commissioner for Social Security." AR 43 (internal citation omitted). The ALJ's position is supported by 20 C.F.R. § 404.1513(a)(2) defining medical opinions. The ALJ concluded the questionnaires "and similar statements, wherever found in the record, and regardless of whether or not specifically addressed in this decision, are neither valuable nor persuasive (20 CFR 404.1520b(c)(3))." *Id.*; 20 CFR 404.1520b(c)(3) (applicable to claims filed on or after March 27, 2017).

interpretation of the record, which is within the ALJ's discretion, does not lead to the determination that the ALJ erred. *Batson*, 359 F.3d at 1198, *citing Andrews*, 53 F.3d at 1041.[3]

      B.    <u>The ALJ's Questioning and Vocational Expert's Testimony Were Clear</u>.

At the March 16, 2023 hearing, the Vocational Expert described Plaintiff's past work as "supervisor, computer operations" from the Dictionary of Occupational Titles ("DOT") 213.132-010. AR 67. The ALJ asked the Vocational Expert whether a hypothetical person with Plaintiff's limitations would be able to perform Plaintiff's past work as a "supervisor, computer operations" "in an environment with a moderate noise level such as found in an office or retail setting." AR 67-68. The Vocational Expert responded yes. AR 68. Plaintiff argues the ALJ's conclusion that Plaintiff is able to perform his past relevant work is not supported by substantial evidence. ECF No. 8 at 11-13. Plaintiff contends when questioning the Vocational Expert about the types of environments in which Plaintiff could work, the ALJ did not specify whether he was asking about a private or business office setting, which correlate to different noise levels. *Id*. Plaintiff further argues the questions posed to the Vocational Expert were vague. *Id*. Plaintiff relies on the Revised Handbook for Analyzing Jobs ("RHAJ") categorizing "private offices" as a "Level 2 - Quiet" noise level, while "business office[s]" are categorized as a "Level 3 - Moderate" noise level. *Id*. Defendant responds by pointing to the DOT definition for "supervisor, computer operations" requiring the worker to be able to function in a setting with a "Level 3 – Moderate" noise level. ECF No. 10 at 10. Defendant says by indicating the hypothetical person with Plaintiff's limitations would perform prior work as a "supervisor, computer operations," the ALJ indicated Plaintiff was capable of performing work in a setting with "Level 3 – Moderate" noise. *Id*.

The DOT states that a person performing work as a "supervisor, computer operations" must be able to function in a setting with "Level 3 – Moderate" noise. DICOT 213.132-010 (G.P.O.), 1991 WL 671859. This definitional requirement demonstrates that when the Vocational Expert testified that a hypothetical person with Plaintiff's limitations would be able to work as a "supervisor, computer operations," the Vocational Expert made clear Plaintiff would be able to function in an

---

[3] Because the ALJ did not err in evaluating Plaintiff's credibility, which was the basis for Plaintiff's credit-as-true argument (ECF No. 8 at 10-11), the Court does not analyze the credit-as-true elements.

environment with up to "Level 3 – Moderate" noise. Thus, despite Plaintiff's argument to the contrary, the Court finds no uncertainty in the ALJ's questioning of the Vocational Expert or the Vocational Expert's testimony.

## VI. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must enter judgment in favor of Defendant and close this case.

DATED this 21st day of March, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE